# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELYN JANE ISAACS-HUGHES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner, Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-09-153-M |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on April 13, 2006,

alleging that she became disabled as of September 17, 2004, due to heart bypass, high blood pressure, and colitis. Tr.81-83, 101. The application was denied on initial consideration and on reconsideration at the administrative level. Tr.36, 37, 38-42, 46-48. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on February 12, 2008. Tr. 15-31, 49. Plaintiff appeared in person and with her attorney, and she offered testimony in support of her application. Tr. 17, 18-26. A vocational expert also testified at the request of the administrative law judge. Tr. 26-30, 78. The administrative law judge issued his decision on March 21, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to disability insurance benefits. Tr. 4-6, 7-14. Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated December 5, 2008, denied her request. Tr. 1-3. Thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

2

evidence."Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments."An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual

3

functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

**III. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE**

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 7-9. He first found that Plaintiff had not engaged in substantial gainful activity since September 17, 2004, the alleged disability onset date. Tr. 9. At steps two and three, the administrative law judge found that Plaintiff suffered from status post bypass, high blood pressure, and colitis, and found that these disorders were severe, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 9-10. The administrative law judge next found that Plaintiff had the residual functional capacity to perform a wide-range of sedentary work, limited only by the need for two breaks of ten minutes each in both the morning and afternoon. Tr. 10. The administrative law judge found at step four of the sequential evaluation process that Plaintiff could not perform any of her past relevant work. Tr. 12. At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, he further found that a person with Plaintiff's residual functional capacity and vocational factors could perform work as cashier I, tax clerk, and payroll clerk, and that Plaintiff was therefore able to make a successful adjustment to other work that exists in significant numbers in the national economy. Tr.13. Accordingly, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance

benefits. Tr. 14.

## IV. DISCUSSION

Plaintiff raises issues one issue on appeal. She contends that the administrative law judge failed to consider the opinion of her treating physician that due to stress, Plaintiff was limited to understanding, remembering, and carrying out simple job instructions. Plaintiff's Opening Brief, 4. She claims that but for this error, she would have been found to be limited to unskilled work, and would have been disabled per Rule 201.14 of the Medical-Vocational Guidelines. Id.

In response, the Commissioner argues that the opinion of Plaintiff's treating physician, Dr. Womack, regarding her limitation to simple tasks was properly rejected, but the Commissioner never directly addresses Plaintiff's claim that the administrative law judge failed to apply the treating physician rule. Commissioner's Brief, 6-9. Instead, the Commissioner makes an extensive argument that rejection of Dr. Womack's opinion was proper because Plaintiff never sought treatment from a mental health professional, and her alleged stress problems were based solely on her own self-reports. Commissioner's Brief, 7.

Treating source medical opinions are entitled to deference, and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing his review

5

of such opinions. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight. Id. Controlling weight must be given if the opinion is both supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300-01. Further, the administrative law judge must give good reasons in the decision for the weight he ultimately assigns to the opinion. Id. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

350 F.3d at 1301 (internal quotation marks omitted). Although the decision need not include an explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir.2007). The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the

opinion and the reasons for that weight. SSR 96-2p, 1996 WL 374188, at *5. Finally, if the administrative law judge rejects the opinion completely, he must give "specific, legitimate reasons" for doing so. Watkins, 350 F.3d at 1301.

In the decision now under review, the administrative law judge not only failed to analyze the opinion of treating physician Dr. Womack regarding Plaintiff's limitation to simple tasks, but he was seemingly unaware of its existence. In the decision, the administrative law judge states: "The cardiologist opinion is given great weight and it is noted that the claimant *has not had any limitations placed on her by any other treating physicians*," Tr. 12, and "the above residual functional capacity assessment is supported by the fact that the claimant *has not had any permanent restrictions or limitations placed on her ability to perform basic work activities by any treating or examining physicians*." Id. (emphasis added). The administrative law judge discusses the opinions of Plaintiff's cardiologists, Dr. Chaffin and Dr. Rhodes, consultative examiner Dr. Davis, and gastroenterologist Dr. Raczkowski, but never mentions any opinion of Dr. Womack. See Tr. 10-11. The only mention of Dr. Womack is in the context of letters written to him (as Plaintiff's primary care physician) by these other physicians. Tr. 11. Moreover, in one of the disability reports, Plaintiff's attorney specifically mentions Dr. Womack's treatment for stress and anxiety problems and requests a mental health consultative examination. Tr. 124. This was noted by medical reviewer Dr. Keairnes. Tr. 225.

On May 10, 2006, Dr. Womack completed a "Mental Status Form," wherein he clearly stated his opinion that Plaintiff was only able to remember, comprehend, and carry

7

out simple instructions on an independent basis due to "stress with job pressure." Tr. 180. Indeed, his medical records contain numerous notes prescribing anti-anxiety medication. Tr. 177, 178, 179, 183, 184, 185, 187, 188, 189, 190, 191, 192, 193, 194, 196, 197, 198 (including a note that she cannot return to work due to hives on arms - stress), 199 (noting insomnia, stress), 218, and 222.

Although the Commissioner has attempted on a post hoc basis to apply factors justifying rejection of Dr. Womack's opinion, and while there may be legitimate reasons for doing so, the administrative law judge's failure to even acknowledge the opinion's existence, much less analyze it, requires reversal. As noted in Watkins:

> Here, the [administrative law judge] failed to articulate the weight, if any, he gave [the treating physician's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether. We cannot simply presume the [administrative law judge] applied the correct legal standards in considering [the treating physician's] opinion. We must remand because we cannot meaningfully review the [administrative law judge's] determination absent findings explaining the weight assigned to the treating physician's opinion.

350 F.3d at 1301. Accordingly, it is recommended that this matter be reversed and remanded for consideration of Dr. Womack's opinion under the required standard.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge failed to apply the applicable legal standards in reaching his determination. Accordingly, it is

8

recommended that the final decision of the Commissioner of Social Security Administration be reversed and that the matter be remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by February 3, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 13th day of January, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE